My name is Michael Bigelow, and I represent Petitioner in this matter. I too received the e-mail, and my first thought was to roll over and go back to bed. I called my wife to make sure I hadn't missed the date. She said, Don't come home. Anyway, there's nothing really inconsistent about the Court's finding, about the Court's finding, about the jury's finding that the special circumstance was not true. The verdict form was clear. It was signed. It was dated. It said not true. I concede that in the event of ambiguous verdict forms, the trial court has probably an obligation, probably has an obligation to return to the jury for reconsideration that ambiguous verdict. The ambiguity was not with respect to the special finding or the not true verdict. The ambiguity was with respect to count one. It is very clear from the jury instructions, from California law, from the jurors' subsequent questions, the dialogue the Court had with the jury, it's very clear that the defendant could have been found guilty, Petitioner could have been found guilty of murder. He could have been found guilty of robbery. The special circumstances could have been found true or not true. It doesn't matter. All of that is true. What really got things confused is when the judge got involved. And I love this judge. I've tried cases in front of this judge, serious cases in front of this judge.  His dialogue with the jury, which is part of the record, confused them more. Juror number four says, can we — Well, with all — I mean, I'll admit that this is confusing, but I don't think the lawyers helped much. The lawyers didn't help. The lawyers didn't help a bit. Now, I — because we're a public record, I won't characterize the lawyers in this matter. They're nice guys. They're capable lawyers. They didn't help matters. But — and let me digress for a moment, Your Honor, if the Court will hold that thought for just a moment. One of the things that — because I got this disturbing e-mail this morning, I forgot to do, is to list a case that I wish the Court to cite. And I hope I can do it now without getting myself in deep trouble. I would like the Court to consider a California Supreme Court case called People v. Abales, A-B-I-L-E-Z, 41, Cal 4th, 472, 2007. And the only reason I do this is because in that case, it says the following. If an acquittal of one count is factually irreconcilable with a conviction of another inconsistent, or if a not true finding of an enhancement allegation is inconsistent with a conviction of a substance offense, effect is given to both. Now, it cites a bunch of California cases, but it also cites United States v. Powell, our very own United States v. Powell. So getting back to the judges, getting back — to the lawyers, rather. Okay. No, just tell me what Federal right was violated here when the judge, in a confusing situation, without any objection from the lawyer, sends it back to the juror? The lawyers don't need — trial counsel does not need to object. The man had — What is the Federal right? Powell. What is that? That's a case. United States — no. United States v. Powell says the inconsistent verdict, we give effect to an inconsistent verdict. If a verdict is not guilty, it's the converse. It's actually the flip. But if the converse is true, if a not guilty verdict is handed down and it is otherwise clear and unambiguous, we give effect to that. If we don't give effect to that, then we have a due process argument and we have a double jeopardy argument in effect. And the trial judge is obligated to give effect to that. And the case that — the United States Supreme Court case that talks about that is in my notes. It's also in my brief. But it is Arizona — the Arizona case, Arizona v. Washington. It's cited in my brief. We have to give effect to that. And the judge cannot unilaterally do what the appellate courts can't do. If the appellate court can't revisit Powell and Dunn, if the appellate court can't revisit an inconsistent verdict, then a trial judge certainly can't revisit an inconsistent verdict. California Supreme Court says in California they can't reconsider, citing United States authorities, citing Powell. And that is exactly what happened here. And trial counsel cannot give up his client's right to a not guilty verdict. How can trial counsel say, look, I got a not guilty verdict? Not true in this case, but I got a not guilty verdict. You know, let's let him go back and talk a little bit. I just don't think that's going to happen. Now, I will — I was not — and I put this in a footnote just to remind the Court. I wasn't trial — I wasn't counsel in district court. I wasn't appointed to this case until it got to this Court. I think had I been appointed early on or represented Petitioner early on, I would have asked for a stay in advance and gone up and exhausted a claim of ineffective assistance of counsel, and we probably wouldn't be having this particular discussion. To be honest with you, I think the Supreme Court, after reviewing — California Supreme Court, after reviewing some of its very own decisions on this subject, probably, possibly would have agreed with me. Is that there a procedural bar on that issue? No. Because we never get to the procedural bar because trial counsel can't waive a not guilty verdict. He didn't object. And that's the procedural bar the Court and opposing counsel have referenced. Yes. If you find that trial counsel can waive a not guilty verdict, I don't know how we get around the bar because it is a procedural bar that is well recognized and all of that, unlike some of the other California procedural bars. Yes, there's a procedural bar if you accept that trial counsel can give up his client's constitutional right and give up his client's constitutional right to a not guilty verdict without consulting with his client. There's nothing in the record that reflects that. He went back and said, hey, look, here's what we're going to do. Here's what I'm going to suggest we do. The jury operating for whatever reason, and let's use Powell's and Dunn's argument of leniency, if I pronounced that correctly, they were being lenient by not finding special circumstances for a 16-year-old kid who did a stupid thing. Violent, but stupid, under horrible circumstances. Can't argue with that. Not going to argue with that. But because trial counsel gives it up, I can't get back to exhaustion. When you say not guilty, you're talking about what? When I say not guilty. And I conflate the two and I apologize. He was not guilty of everything. That's the part of the problem. Not the special circumstance. Not true. The special circumstance, not true. I am, yes, I apologize. And I've done that throughout this case. Special circumstance. And that is one of the reasons that I referenced Adelez, is because the California Supreme Court treats a special circumstance identically to a not guilty verdict. That's the reason I cited this particular case. The special circumstance is as if it were separate. It is separately pled. It is separately pled. In the United States against Powell. Yes. Where the court says if they're inconsistent verdicts, you give effect to the you can give effect to an acquittal even though it's inconsistent with another verdict. Correct. Was that because it's a Federal prosecution, I can't tell from the title of it whether that was simply a supervisory ruling or a constitutional requirement? On those grounds, it's a constitutional requirement. It is in Powell, yes, under those grounds. Now, there is what might — Powell was developed where there could be guilty on either count or not guilty on either count, and the jury returns a verdict of guilty on one count. That's to be distinguished from the court — from the case that this court was involved in, where a defendant logically could be guilty either on one count or on the other, but not on both. That's the distinction. That's the distinction between the two. And that's not our situation. Ours is the Powell situation. Ours is like Powell, and Powell's been around since 1984. Thus, we don't get hit so much. Well, we have a verdict that comes out and says guilty of murder, but not guilty of the special circumstance of murder committed during robbery. Correct. And then there's a verdict convicting of robbery. And then there's, I think, another verdict acquitting of robbery. The verdict is a mess, and it's quite likely that a State court of appeals should have made them do it over again. And the thing I'm most concerned with is whether there's any Supreme Court authority that clearly makes it unconstitutional to do what the trial court did. If you accept — and we're way over time, but the Court knows that. If you accept — and again, I would like — I invite the Court to review Mayabella's citation down here. If the Court accepts that the special finding is a separate verdict, a separate and distinct verdict, if the Court accepts that, and if the Court accepts that, if the Court accepts that this sort of situation, murder, robbery, robbery during the course of murder, can be found even if he finds robbery, even if the — well, the jury instructions speak to this, and trial counsel did argue to the fact that you could find murder, you could find robbery, but they didn't have to be in — Robertson, yeah. Together. They didn't have to be together. If you accept that, you see that this is like the Powell situation, which was a conspiracy to sell drugs and a telephone count, if I recall correctly. And the jury found no conspiracy, but found the telephone count. Went up to the Supreme Court. The Supreme Court did what it likes to do to this Court and said, no, you're wrong, and said, we do not look at inconsistent verdicts regardless. We can't review inconsistent verdicts. I'm way over. I can keep talking. No. I think that we understand what you're saying. Thank you very much. I appreciate the Court's interest. May it please the Court, Justin Riley on behalf of the Warden. Preliminarily, for opposing counsel's benefit, to help him out just a little, we cited Abelez for a different proposition in our brief. So if there was any rule that prohibited him from doing it, from discussing the case because he didn't cite it, I think we did. Page 16, it supports our sufficiency of the evidence claim. Given the discussion thus far in this argument, I'm prepared to submit the first two issues, the sufficiency of the evidence and the instructional error. I'm prepared to submit those issues on our briefing. I'd love to answer any questions, though, if this Court has any on those issues. As Your Honor noted, there is a procedural bar in this case. The defense attorney did not object. And it is independent and adequate in this circuit, the contemporaneous objection procedural bar is independent and adequate in this circuit. I think that's clearly set forth in my brief. Moreover, Drayton is foreclosed from showing cause and prejudice to get around the procedural bar because he didn't exhaust the underlying IEC claim or ineffective assistance of counsel claim. And the claim is barred by Teague, as we've set forth in our brief. There is no clearly established Supreme Court precedent that prohibits a trial court, a State trial court, from resubmitting inconsistent verdict forms to the jury. Now, we didn't have a verdict here, and I think I've set that argument forth in my brief. We had verdict forms. They were never finalized. They were never accepted by the Court. When does it become a verdict? I believe I set that forth in the final argument. Basically, it has to be read in court, and the jury has to confirm it in using shorthand terms here, basically. Is this your verdict and so on? Right. And the clerk records it, et cetera.  If you look at any isolated verdict form, and we have them in the excerpts of record for the panel, and if you look at any one particular verdict form, it seems to portray an intent to show a verdict. But if you look at them as a whole, which is what the judge and the attorneys did, as Your Honor already recognized, it was a mess. They were inconsistent, ambiguous. And at page 30 of Appellant's opening brief, he cites to Arizona v. Washington for the proposition that the jury demonstrated its intent to acquit. Well, here we don't have a demonstrated intent to acquit on the special circumstance allegation. Even if you look at just those forms, they're so ambiguous and so on. Well, as opposing counsel says, the first one, it says special circumstance, no, not true. There's nothing ambiguous about that so far. So far. And what makes it ambiguous? What in the rest of the verdict makes it ambiguous? Well, first off, the jury proceeds to find him guilty of just about every charge except for two others, and one of them is petty theft. Even though the jury found him guilty of robbery and several lesser-included offenses, they didn't find him guilty of the lesser-included offense of petty theft. So they weren't even following their pattern as it were. I think there's plenty of inconsistency once you get past the beginning about the lesser-included, which are irrelevant anyway probably, but they go back and forth and they acquit and they convict the same crimes, and it is really shows an awful lot of jury confusion. Yes. But I don't – I'm not sure what there is in anything they did after the first finding that is logically inconsistent with a not-true finding on the special circumstance. Their confusion and the ambiguity is evidenced by their questions. The jury – Is there anything in the rest of the verdict that is inconsistent with the not-true finding on the special circumstance? Not specifically other than the fact that they obviously didn't understand how to – how to record their conclusions. How to – how to convey their intent on the verdict to the court, notwithstanding the instructions on how to convey their intent or convey their decisions on the – on the counts to the court. Well, let's assume that there's nothing inconsistent with their – they consistently refused to find him guilty of the special circumstance. They said not true, not true. That's what – Okay. But what – but you don't know what crime he committed. How would you – how would you apply, Powell, to that to say that the special circumstance is not guilty? Well, first of all, I – I mean, I'm just sort of curious as to what, in an ideal world, do you think should have been done? Ideally? Yes. I think if I were judge and, you know, somebody handed me a robe, I might – I might declare a mistrial, something like that. But – Nobody asked for a mistrial. I take it because everybody wanted – wanted to go back and thought that they would win. No. That's – that's true. And that brings us to the myriad of procedural bars, et cetera. And finally, the lack of clearly established Supreme Court precedent that disallows this I – I think that's fatal, that – that underlies the Teague bar, and that forecloses habeas relief, even if you get past the insurmountable procedural bar. So I – unless there are any questions, I'm prepared to submit that on the briefs. No. Don't appear. Thank you. Thank you. Okay. The case just argued is submitted for decision.
judges: Schroeder, Canby, Hawkins